| **UNITED STATES BANKRUPTCY COURT** NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Nilsen, June M.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **5180** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **1602 S. State St. Belvidere, Illinois** ZIP CODE **61008** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **BOONE** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

### Type of Debtor
(Form of Organization)
(Check **one** box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check **one** box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check **one** box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

### Filing Fee (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Nilsen, June M. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X   **s/Henry Repay**      **September 11, 2013**   Signature of Attorney for Debtor(s)      (Date)  **Bar No.: 6199079** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): Nilsen, June M. |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/June M. Nilsen**
_____
Signature of Debtor          **June M. Nilsen**

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)
**September 11, 2013**
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney\***

X **s/Henry Repay**
_____
Signature of Attorney for Debtor(s)
**Henry Repay**
_____
Printed Name of Attorney for Debtor(s)
**Law Offices of Henry Repay**
_____
Firm Name
**930 W. Locust  Street**
**Belvidere, Illinois 61008-4226**
_____
Address
**(815) 547-3369**
_____
Telephone Number
**September 11, 2013**
_____
Date
**Bar No.: 6199079**
**Fax: (815) 544-5429**
**E-mail: RepayLawFirm@IThink2.net**

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B6A (Official Form 6A) (12/07)

In re **June M. Nilsen,**                                    **Case No.** _____
                              **Debtor**                                                      **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  June M. Nilsen, _____   Case No. _____

  Debtor   (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on Hand | | $400.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Members Alliance Credit Union Checking Account xxxx9-110 | | $981.06 |
| | | Members Alliance Credit Union Savings Account xxxx9-000 | | $1,098.41 |
| | | Members Alliance Credit Union Savings Account xxxx9-010 | | $141.80 |
| | | Members Alliance Credit Union Savings Account xxxx9-012 (Family Reunion Fund) | | $1,078.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods and Furnishings, Computer | | $350.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | | $150.00 |
| 7. Furs and jewelry. | | Costume Jewelry | | $50.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **June M. Nilsen,** _____     Case No. _____
                                   **Debtor**                                                   **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Whole Life Insurance<br>CMFG Life Insurance Company<br>Policy Effective 8/16/13 | $0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | Pension<br>Teachers' Retirement System of the State of Illinois | $48.69 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | IRA<br>Oppenheimer Funds | $3,029.32 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | | Estate of Lewayne Peters, Sr. (Father)<br>Attorney Lois Ramon<br>(No Distributions Expected) | $0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |

B 6B  (Official Form 6B) (12/2007)

In re **June M. Nilsen,** _____     Case No. _____
                              **Debtor**                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Kia Rio (119,000 Miles) | $1,275.00 |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |

2 continuation sheets attached        Total ▶        $8,602.28
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re  June M. Nilsen,                                               Case No. _____
                    **Debtor**                                                          **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                $155,675.*
☐  11 U.S.C. § 522(b)(2)
☒  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash on Hand | 735 ILCS 5/12-1001(b) | $400.00 | $400.00 |
| Members Alliance Credit Union Checking Account xxxx9-110 | 735 ILCS 5/12-1001(b) | $981.06 | $981.06 |
| Members Alliance Credit Union Savings Account xxxx9-000 | 735 ILCS 5/12-1001(b) | $1,098.41 | $1,098.41 |
| Members Alliance Credit Union Savings Account xxxx9-010 | 735 ILCS 5/12-1001(b) | $141.80 | $141.80 |
| Members Alliance Credit Union Savings Account xxxx9-012 (Family Reunion Fund) | 735 ILCS 5/12-1001(b) | $1,028.73 | $1,078.00 |
| Household Goods and Furnishings, Computer | 735 ILCS 5/12-1001(b) | $350.00 | $350.00 |
| Clothing | 735 ILCS 5/12-1001(a),(e) | $150.00 | $150.00 |
| Costume Jewelry | 735 ILCS 5/12-1001(a),(e) | $50.00 | $50.00 |
| IRA Oppenheimer Funds | 735 ILCS 5/12-1006 | $3,029.32 | $3,029.32 |
| 2002 Kia Rio (119,000 Miles) | 735 ILCS 5/12-1001(c) | $1,275.00 | $1,275.00 |
| Whole Life Insurance CMFG Life Insurance Company Policy Effective 8/16/13 | 735 ILCS 5/12-1006 | $0.00 | $0.00 |
| Pension Teachers' Retirement System of the State of Illinois | 735 ILCS 5/12-1006 | $48.69 | $48.69 |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

**In re** June M. Nilsen _____ ,     Case No. _____
                 **Debtor**                                               **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **xxxx** <br> **Blackhawk Bank** <br> **PO Box 719** <br> **Beloit, WI 53512-9950** <br> **Full Account No.: 11028xxxx** | **X** | | **Mortgage** <br><br> **Curtis L. Nilsen** <br> **Ex-Spouse, (Title Holder)** <br> **11804 12th Avenue** <br> **Belvidere, IL 61008-5834** <br> VALUE $      **$0.00** | | | | **$13,786.00** | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

___0___ continuation sheets attached

| | | |
|---|---|---|
| Subtotal ▶ <br> (Total of this page) | $    **13,786.00** | $    **0.00** |
| Total ▶ <br> (Use only on last page) | $    **13,786.00** | $    **0.00** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/13)

**In re** <u>June M. Nilsen</u> ,          **Case No.** <u>                    </u>
                    *Debtor*                                      *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

[ ] **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u>  0  </u> continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re  June M. Nilsen _____,    Case No. _____
                              Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 3364 <br> **Anesthesia Associates, Ltd.** <br> **6030 Garrett Lane** <br> **Rockford, IL 61107** <br> **Full Account No.: N000063277; 8123364** | | | **Medical Services** | | X | | **$66.00** |
| Additional Contacts for Anesthesia Associates, Ltd. (3364): <br><br> **Medical Business Bureau** <br> **1460 Renaissance Dr** <br> **P.O. Box 1219** <br> **Park Ridge, IL 60068-7219** | | | | | | | |
| **ACCOUNT NO.** xxxx <br> **Capital One** <br> **PO Box 30285** <br> **Salt Lake City, UT 84130-0285** <br> **Full Account No.: 5178 0522 6397 xxxx; 4862 3624 8882 xxxx; 7001 1911 0550 xxxx** | | | **Miscellaneous Purchases** | | X | | **$0.00** |
| Additional Contacts for Capital One (xxxx): <br><br> **LVNV Funding, LLC** <br> **625 Pilot Rd.** <br> **Las Vegas, NV 89119** | | | | | | | |

Subtotal▶ | $     **66.00**

_7_ continuation sheets attached

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re __June M. Nilsen_____ ,          Case No. _____
           **Debtor**                                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**   xxxx  <br>**Chase Bank USA Cardmember Services PO Box 15298 Wilmington, DE 19850 Full Account No.: 4559 5404 0083 xxxx** | | | **Miscellaneous Purchases** | | X | | **$0.00** |
| **ACCOUNT NO.**   xxxx  <br>**Great Lakes 2401 International Lane Madison, WI 53704-3192 Full Account No.: 199999518087xxxx** | | | **Student Loan** | | X | | **$27,752.00** |
| Additional Contacts for Great Lakes (xxxx):  <br><br>**Members Alliance Credit Union 2550 S. Alpine Rd. Rockford, IL 61108** | | | | | | | |
| **ACCOUNT NO.**   1744  <br>**Hauser-Ross Eye Institute & Surgicenter 2240 Gateway Drive Sycamore, IL 60178-3103 Full Account No.: 11744** | | | **Medical Services** | | X | | **$422.29** |

Sheet no.__1__ of __7__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal► $     **28,174.29**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re  June M. Nilsen                              ,          Case No. _____
            **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Hauser-Ross Eye Institute & Surgicenter (1744):** | | | | | | | |
| **Mutual Management Services 401 E. State Street PO Box 4777 Rockford, IL 61110**<br><br>**Attorney James Thompson Shriver, O'Neil & Thompson 515 N Court St Rockford, IL 61103** | | | | | | | |
| **ACCOUNT NO.    7027**<br>**Infinity Healthcare Physicians 111 E. Wisconsin Ave. Suite 2100 Milwaukee, WI 53202 Full Account No.: 19617027** | | | **Medical Services** | | X | | **$728.00** |
| **Additional Contacts for Infinity Healthcare Physicians (7027):** | | | | | | | |
| **Nationwide Credit Corporation 5503 Cherokee Avenue Alexandria, VA 22312-2307** | | | | | | | |
| **ACCOUNT NO.    xxxx**<br>**Kohl's PO Box 3043 Milwaukee, WI 53201-3043 Full Account No.: 639305030735xxxx** | | | **Miscellaneous Purchases** | | X | | **$392.00** |

Sheet no. __2__ of __7__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal► $ **1,120.00**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re **June M. Nilsen**                                        ,          Case No. _____
                    **Debtor**                                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.      0921** **Lake Forest E.R. Physicians** **36100 Brookside Dr** **Gurnee, IL 60031** **Full Account No.: 18734515; 71280921** | | | **Medical Services** | | X | | **$452.00** |
| **Additional Contacts for Lake Forest E.R. Physicians (0921):** **Malcolm S. Gerald and Associates, Inc.,** **Suite 600** **S. Michigan Ave.** **Chicago, IL 60604** **Northwestern Lake Forest Hospital** **600 N. Westmoreland Rd.** **Lake Forest, IL 60045** | | | | | | | |
| **ACCOUNT NO.      2865** **Midland Surgical Center, LLC** **2120 Midlands Court** **Sycamore, IL 60178** **Full Account No.: AZ2865** | | | **Medical Services** | | X | | **$505.92** |
| **Additional Contacts for Midland Surgical Center, LLC (2865):** **RMA Collections** **2502 South Alpine Road** **Rockford, IL 61108-7813** | | | | | | | |

Sheet no.__**3**__ of __**7**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $          **957.92**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  June M. Nilsen _____ ,    Case No. _____
_____**Debtor**_____    _____**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    1714 **Radiology Consultants of Rockford Ltd.** **39020 Eagle Way** **Chicago, IL 60678-1390** **Full Account No.: 0127637425; 121714** | | | **Medical Services** | | X | | **$1,163.39** |
| Additional Contacts for Radiology Consultants of Rockford Ltd. (1714): **ATG Credit** **PO Box 14895** **Chicago, IL 60614-4895** | | | | | | | |
| **ACCOUNT NO.**    497; **Rockford Anesthesiologists Associated** **PO Box 4569** **Rockford, IL 61110-4569** **Full Account No.: 11151260000524497; 270517; 00524497;** | | | **Medical Services** | | X | | **$3,562.00** |
| Additional Contacts for Rockford Anesthesiologists Associated (497;): **Creditors' Protection Service Inc.** **202 W. State St.** **PO Box 4115** **Rockford, IL 61110-0615** | | | | | | | |

Sheet no. __4__ of __7__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **4,725.39**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re __June M. Nilsen_____,        Case No. _____

       **Debtor**        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    1543**<br>**Rockford Assoc. Pathologists**<br>**PO Box 15785**<br>**Rockford, IL 61132-5785**<br>**Full Account No.: RAC 38121; 11543** | | | | | X | | **$177.00** |
| Additional Contacts for Rockford Assoc. Pathologists (1543):<br><br>**Rockford Assoc. Pathologists**<br>**P.O. Box 71082**<br>**Chicago, IL 60694-1082** | | | | | | | |
| **ACCOUNT NO.    0033**<br>**Rockford Health Physicians**<br>**6785 Weaver Road**<br>**Rockford, IL 61114**<br>**Full Account No.: 1251260000469027; 282NIL590033** | | | **Medical Services** | | X | | **$456.00** |
| Additional Contacts for Rockford Health Physicians (0033):<br><br>**Creditors' Protection Service Inc.**<br>**202 W. State St.**<br>**PO Box 4115**<br>**Rockford, IL 61110-0615** | | | | | | | |

Sheet no.__5__ of __7__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $    **633.00**

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  June M. Nilsen_____,    Case No. _____
           **Debtor**                                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    xxxx**<br><br>**Sears Credit Cards**<br>**PO Box 6283**<br>**Sioux Falls, SD 57117-6283**<br>**Full Account No.: 5049 9480 9261 xxxx** | | | **Miscellaneous Purchases (Charged Off)** | | X | | **$1,225.00** |
| Additional Contacts for Sears Credit Cards (xxxx):<br><br>**LVNV Funding, LLC**<br>**625 Pilot Rd.**<br>**Las Vegas, NV 89119** | | | | | | | |
| **ACCOUNT NO.    9655**<br><br>Swedish American Health System<br>1401 East State Street<br>Rockford, IL 61104<br>Full Account No.: G87465; 59009; XD1571; XS8217; XS8773; XS8213; V00000382416; V00000338699; V00000520486; 10224214; L00119239655 | | | **Medical Services** | | X | | **$66,818.89** |
| Additional Contacts for Swedish American Health System (9655):<br><br>**Mutual Management Services**<br>**401 E. State Street**<br>**PO Box 4777**<br>**Rockford, IL 61110**<br><br>**Swedish American Hospital**<br>**PO Box 950**<br>**Waukegan, IL 60085**<br><br>**Attorney James Thompson**<br>**Shriver, O'Neil & Thompson**<br>**515 N. Court St.**<br>**Rockford, IL 61103** | | | | | | | |

Sheet no. __6__ of __7__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal► $    **68,043.89**

Total► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) Cont.

In re June M. Nilsen _____ ,    Case No. _____
          **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 5800 **The Rockford Surgical Service** 5668 East State Street Rockford, IL 61108-2464 Full Account No.: 32865; 535800 | | | **Medical Services** | | X | | $3,108.00 |

Additional Contacts for The Rockford Surgical Service (5800):

Accounts Receivable
Management
P.O. Box 561
Thorofare, NJ 08086-0561

Accounts Receivable
Management

| | | |
|---|---|---|
| Sheet no. **7** of **7** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal➤ | $  **3,108.00** |
| | Total➤ (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $  **106,828.49** |

B 6G (Official Form 6G) (12/07)

In re **June M. Nilsen,**                                    Case No. _____
                          **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re **June M. Nilsen,**_____    Case No. _____
                                        **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**B6I (Official Form 6I) (12/07)**

In re   __June M. Nilsen,_____           Case No. _____
                **Debtor**                                                          **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| **Single** | RELATIONSHIP(S):  **N/A** | | AGES(S):  **N/A** | |
| **Employment:** | DEBTOR | | SPOUSE | |
| Occupation | **Day Care Director** | | | |
| Name of Employer | **First Step Learning** | | | |
| How long employed | **8 Years** | | | |
| Address of Employer | **620 Logan Ave. Belvidere, IL 61008** | | | |

INCOME: (Estimate of average or projected monthly income at time case filed)                  DEBTOR                  SPOUSE

| | | | DEBTOR | | SPOUSE |
|---|---|---|---:|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **2,775.73** | $ | |
| 2. | Estimate monthly overtime | $ | **0.00** | $ | |
| 3. | SUBTOTAL | $ | **2,775.73** | $ | |
| 4. | LESS PAYROLL DEDUCTIONS | | | | |
| | a.  Payroll taxes and social security | $ | **663.99** | $ | |
| | b.  Insurance | $ | **0.00** | $ | |
| | c.  Union dues | $ | **0.00** | $ | |
| | d.  Other (Specify): | $ | **0.00** | $ | |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **663.99** | $ | |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ | **2,111.74** | $ | |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ | | $ | |
| 8. | Income from real property | $ | | $ | |
| 9. | Interest and dividends | $ | | $ | |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ | |
| 11. | Social security or government assistance (Specify): | $ | | $ | |
| 12. | Pension or retirement income | $ | | $ | |
| 13. | Other monthly income (Specify): **State of Illinois Stipend, $1,200.00 Once every Six Months** | $ | **200.00** | $ | |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ | **200.00** | $ | |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ | **2,311.74** | $ | |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (combine column totals from line 15) | $ | **2,311.74** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.   Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:**None.**

B 6J (Official Form 6J) (12/07)

In re **June M. Nilsen,** _____   Case No. _____
                          **Debtor**                                                          **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | N/A |
| | a.  Are real estate taxes included? Yes _____ No _____ | |
| | b.  Is property insurance included? Yes _____ No _____ | |
| 2. | Utilities:  a.  Electricity and heating fuel | N/A |
| | b.  Water and sewer | N/A |
| | c.  Telephone | $75.00 |
| | d.  Other: Internet. | $11.99 |
| 3. | Home maintenance (repairs and upkeep) | $10.00 |
| 4. | Food | $350.00 |
| 5. | Clothing | $80.00 |
| 6. | Laundry and dry cleaning | $10.00 |
| 7. | Medical and dental expenses | $140.00 |
| 8. | Transportation (not including car payments) | $200.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | $130.00 |
| 10. | Charitable contributions | N/A |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | |
| | a.  Homeowner's or renter's | N/A |
| | b.  Life | $32.09 |
| | c.  Health | $357.25 |
| | d.  Auto | $85.75 |
| | e.  Other _____ | $ |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| | a.  Auto | N/A |
| | b.  Other: Student Loan. | $182.00 |
| 14. | Alimony, maintenance, and support paid to others | N/A |
| 15. | Payments for support of additional dependents not living at your home | N/A |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | N/A |
| 17. | Other: Gifts. | $150.00 |
| 18. | AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $  1,814.08 |
| 19. | Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: Student Loan Payment Scheduled to Increase Within One Year, and Every Two Years Thereafter. | |
| 20. | STATEMENT OF MONTHLY NET INCOME | |
| | a.  Average monthly income from Line 15 of Schedule I | $  2,311.74 |
| | b.  Average monthly expenses from Line 18 above | $  1,814.08 |
| | c.  Monthly net income (a. minus b.) | $  497.66 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

In re  **June M. Nilsen**

_____,
              Debtor

Case No. _____

Chapter **7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 8,602.28 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 13,786.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 8 | | $ 106,828.49 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,311.74 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 1,814.08 |
| TOTAL | | 19 | $ 8,602.28 | $ 120,614.49 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

In re  **June M. Nilsen**

_____,        Case No. _____
                           Debtor

                                                         Chapter **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $            **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $            **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $            **0.00** |
| Student Loan Obligations (from Schedule F) | $      **27,752.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $            **0.00** |
| TOTAL | $      **27,752.00** |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $        **2,311.74** |
| Average Expenses (from Schedule J, Line 18) | $        **1,814.08** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $        **3,088.23** |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $            **0.00** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $            **0.00** | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $            **0.00** |
| 4.  Total from Schedule F | | $      **106,828.49** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $      **106,828.49** |

In re   **June M. Nilsen** _____ ,   Case No. _____
     **Debtor**                                                      **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __21__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **September 11, 2013** _____   Signature: **s/June M. Nilsen** _____
                                                                    **June M. Nilsen**  Debtor

Date _____   Signature: _____
                                                                        (Joint Debtor, if any)

*[If joint case, both spouses must sign.]*

-----------------------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                          Social Security No.
of Bankruptcy Petition Preparer                                       *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____        _____
  Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

-----------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                     Signature: _____

                                                _____
                                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-----------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In re June M. Nilsen _____      Case No. _____
          Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❑ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❑ 4. I am not required to receive a credit counseling briefing because of:

❑ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❑ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❑ Active military duty in a military combat zone.

❑ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  s/June M. Nilsen

Date: September 11, 2013

2

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re: June M. Nilsen _____    Case No _____
_____ Debtor _____                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1.  Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
**two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

|              | AMOUNT | SOURCE |
|--------------|--------|--------|

Debtor:

Current Year (2013):
$22,087.80                                          Wages, First Step Learning, Inc.

Previous Year 1 (2012):
$31,588.99                                          Wages, First Step Learning, Inc.

Previous Year 2 (2011):
$31,992.89                                          Wages, First Step Learning, Inc.

Joint Debtor:
N/A

**2.  Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

|              | AMOUNT | SOURCE |
|--------------|--------|--------|

Debtor:

Current Year (2013):
$2,500.00                                          Gift, Cristy Ulrich, Sister
$2,400.00                                          Stipend, State of Illinois

Previous Year 1 (2012):
$7.36                                          Wal-Mart Employee Settlement
$2,400.00                                          Stipend, State of Illinois

Previous Year 2 (2011):
$2,400.00                    Stipend, State of Illinois

Joint Debtor:
N/A

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:

None ☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Debtor: | | | |
| Renee Nilsen (Share Cell Phone Plan) | Monthly | $900.00 | $0.00 |

Relationship to Debtor: Original Lender

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor: Mutual Management Services Co., LLC vs June M. Nilsen Case Number: 2013 SC 395 | Collection | Circuit Court of the 17th Judicial Circuit Boone County, Illinois | Summons Served |

None
☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None ☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Debtor:<br>M.J.N. | Grandchild | Birthday and Christmas | Money<br>Value: $250.00 |
| C.L.N. | Grandchild | Birthday and Christmas | Money<br>Value: $250.00 |

---

**8. Losses**

None ☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: | | |

| | | |
|---|---|---|
| Law Offices of Henry Repay<br>930 W. Locust St.<br>Belvidere, Illinois 61008-4226 | 08/21/2013 | $1,306.00<br>Attorney's Fee and Filing Fee |
| ConsumerBankruptcyCounseling.info<br>1014 Torney Ave.<br>San Francisco, California 94129 | 8/25/13 | $5.00 |

---

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY<br>TRANSFERRED AND<br>VALUE RECEIVED |
|---|---|---|

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION<br>AND VALUE OF PROPERTY OR DEBTOR'S<br>INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL<br>BALANCE | AMOUNT AND<br>DATE OF SALE<br>OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

### 13. Setoffs

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14. Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Debtor: Various Family Donors | Family Reunion Fund $1,078.00 | Memers Alliance Credit Union Savings Account xxxxx9-012 |

---

### 15. Prior address of debtor

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

### 16. Spouses and Former Spouses

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒
a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☒
a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☒   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|---------|

None ☒   b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|------|

None ☒   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

None
☒
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                                      DATE ISSUED

---

**20. Inventories**

None
☒
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
☒
b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☒
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22. Former partners, officers, directors and shareholders**

None
☒
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  September 11, 2013

Signature of Debtor  s/June M. Nilsen

Signature of Joint Debtor

Date _____    (if any)    _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re   June M. Nilsen _____     Case No. _____
              Debtor                                                          Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br><br>Blackhawk Bank | **Describe Property Securing Debt**:<br><br>Curtis L. Nilsen<br>Ex-Spouse, (Title Holder)<br>11804 12th Avenue<br>Belvidere, IL 61008-5834 |
| Property will be *(check one)*:<br>☒ Surrendered ☐ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>    ☐ Redeem the property<br>    ☐ Reaffirm the debt<br>    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>    ☐ Claimed as exempt   ☒ Not claimed as exempt | |

**PART B –** Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES       ☐ NO |

B 8 (Official Form 8) (12/08)                                                                                    Page 2

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  September 11, 2013                          s/June M. Nilsen
_____                   _____
                                                  Signature of Debtor


                                                  _____
                                                  Signature of Joint Debtor

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

## WESTERN DIVISION

In re

**June M. Nilsen**

Case No. _____

**Debtor**

Chapter **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.SC. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,000.00** _____

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,000.00** _____

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00** _____

2. The source of the compensation paid to me was:

    [X] Debtor          [ ] Other (specify)

3. The source of compensation to be paid to me is:

    [ ] Debtor          [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ ------------------------------------

   e. [Other provisions as needed]

**Applicable to Post-Petition Chapter 7 Services: $75.00 for each amendment to Schedules; $75.00 for preparation and filing of motion for court approval of reaffirmation agreement and attendance at hearing if required by the court; $200.00 per hour plus costs (when applicable) for all other representation.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Representation does not include discharge or dischargeability proceedings, redemption proceedings, dismissal proceedings, reinstatement proceedings, judicial lien avoidances, post-petition amendments, relief from stay actions, adversary proceedings, attendance at continued meeting of creditors or preparation of motion to approve reaffirmation agreement.**

---

CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**September 11, 2013**
*Date*

**s/Henry Repay**
_____
**Henry Repay**
*Signature of Attorney*

**Law Offices of Henry Repay**
_____
*Name of law firm*